STRINGER, Judge.
Bobby R. Gandy, a/k/a Bobby Degrate, challenges the order of the trial court summarily denying her “motion to define and clarify.” We treat it as a motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm without prejudice to any right Gan-dy may have to file a motion to withdraw her plea as involuntarily entered.
Gandy is correct in her claim that, pursuant to her plea form, she was to be sentenced to thirteen months for one count of grand theft and one count of uttering a forged instrument to be served concurrently with any other sentence.[1] However, in pronouncing sentence, the trial court did not specifically state that the sentences were to run concurrently with the sentences previously imposed upon her. The Department of Corrections will therefore run the sentences for the grand theft and uttering a forged instrument consecutively to the sentences previously imposed upon Gandy for offenses that were charged by separate informations. See § 921.16, Fla. Stat. (2002) (requiring sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit to be served consecutively unless the court directs that two or more of the sentences shall be served concurrently).
Gandy’s sentence is not illegal, so rule 3.800(a) is not the proper vehicle for her challenge. Therefore, we affirm without prejudice to any right Gandy may have to seek to withdraw her plea as involuntarily entered in a motion filed pursuant to Florida Rule of Criminal Procedure 3.850.
Affirmed.
WHATLEY and CANADY, JJ., Concur.

. According to the transcript of the sentencing hearing, Gandy’s attorney informed the court that the plea form indicated that she had agreed to concurrent terms.